758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JERRY BATES LONG AND JOHN THOMAS TUCKER, DEFENDANTS-APPELLANTS.
 NO. 84-5164, 84-5182
 United States Court of Appeals, Sixth Circuit.
 2/8/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: KEITH, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Jerry Bates Long (Long) and John Thomas Tucker (Tucker) appeal their respective convictions following a jury trial on charges of conspiracy to 'pass and utter' counterfeit Federal Reserve Notes in violation of 18 U.S.C. Secs. 2, 371 and 472. Both defendants contended that the trial judge committed reversible error by denying their sixth amendment right to effectively confront two government witnesses. Specifically, defendants urged that the court below erred in not permitting them to cross-examine one witness, Stanley Lawson (Lawson), about a pending state indictment against him, and in denying questioning of the key prosecution witness, Gary Walker (Walker) regarding (1) a pending state charge; (2) other state charges stemming from Walker's passing of two worthless checks and a grand larceny charge, all of which had been 'retired' after Walker started cooperating with the federal agents; (3) Walker's alleged false billing of $70,000 to a Waffle House restaurant for non-existent construction work on the facility and subsequent hiring of an arsonist to burn the Waffle House records room; and (4) the facts underlying a prior felony conviction of Walker.
 
 
 2
 In evaluating the restriction on cross-examination of a prosecution witness, this court must determine whether the jury had sufficient additional information upon which it could frame a discriminating appraisal of the prosecution witness' testimony. United States v. Ayotte, No. 83-1035, 1031, 1084 slip op. at 10, (6th Cir. August 24, 1984) (citing United States v. Baker, 494 F.2d 1262, 1267 (6th Cir. 1974)).
 
 
 3
 A thorough review of the record reveals that defense counsel were permitted to cross-examine Walker about a prior felony conviction; that he had expected to receive a reward for his actions; that he had cooperated with federal and state law enforcement authorities in the past; that he received expense money from the Secret Service; that he refused to speak with the defense but did confer with the government; that he had his grand jury testimony available to him prior to trial; that he attempted to obtain a loan from his attorney to finance a purchase of counterfeit money and that he approached the Secret Service only when directed to do so by his attorney; that he made his living, in part, as a promoter; and that he once issued a bad third-party check to the owner of an automobile dealership to regain title to a vehicle which he had pledged as collateral for a loan.
 
 
 4
 The jury, therefore, had sufficient information upon which it could frame a discriminating appraisal of Walker's testimony. See Ayotte, supra. Thus, the district court did not violate the defendants' sixth amendment right to confrontation by restricting cross-examination of Walker and reversal is not warranted. This court similarly finds no sixth amendment violation in the district court's restriction of the cross-examination of Lawson, who played a very minor role in the government's case.
 
 
 5
 In addition, this court finds no abuse of discretion in the trial court's refusal to grant defendants' motion for a new trial based on 'newly discovered' evidence. In view of the foregoing, the judgment
 
 In view of the foregoing, the judgment